REQUESTED BY: Robert G. Simmons, Jr., Banner County Attorney.
1. Do county attorneys have authority to pursue an action to recover Medicaid benefits paid on behalf of a person who was not in fact eligible for such benefits without first obtaining permission from the State Attorney General's Office for state funds which are involved and federal offices for federal funds which are involved?
2. Are county attorneys authorized to collect Medicaid benefits paid on behalf of a person who was not in fact eligible for such benefits without first ascertaining the exact proportion of county, state, and federal funds involved?
3. If county attorneys are successful in collecting the funds, to whom should the check be made payable?
1. Yes.
2. Yes.
3. Nebraska Department of Public Welfare.
County attorneys are authorized by the laws of this state to pursue actions to recover Medicaid benefits paid on behalf of a person who was not in fact eligible for such benefits. Nebraska Revised Statutes § 23-1201 (Supp. 1980) provides as follows:
 It shall be the duty of the county attorney to prosecute or defend, on behalf of the state and county, all suits, applications, or motions, civil or criminal, arising under the laws of the state in which the state or the county is a party or interested; Provided, he or she may be directed by the Attorney General to represent the state in any action or matter in which the state is interested or a party.
Pursuant to Neb.Rev.Stat. § 23-1201 the county attorney would represent the State Department of Welfare and its interests in an action to recover the amount of benefits paid on behalf of the ineligible individual. The county attorney may bring the action on his own initiative, or in the alternative, the Attorney General may request that the county attorney represent the state in the matter. The county attorney need not receive express directions from the Attorney General prior to bringing the lawsuit.
The most logical basis for an action to recover the Medicaid payments appears to be that the beneficiary has been unjustly enriched by receiving Medicaid benefits to which he is not entitled. In seeking to recover the amount of Medicaid paid on the theory that persons to whom the State Department of Welfare made payments have been unjustly enriched, three primary sources from which payments may be recovered are available. First, the county attorney may bring the action, pursuant to Neb.Rev.Stat. § 23-1201, directly against the Medicaid beneficiary; or, second, if the recipient is a minor, against the parent or guardian who is liable for furnishing necessaries to the child. A third alternative would be a suit to recover the payments from the provider of services who would then have the option to bring an action to recover the Medicaid payments from the beneficiary. Although seeking reimbursement from the provider is a less direct method of recovery than suing the beneficiary, advantages exist in suing the provider in that there is a higher probability or recovering payments from the provider than from the individual should the lawsuit be successful because ordinarily the provider will possess greater resources than the individual. Also, in view of the continuing relationship between a provider and the Department of Welfare, and the desire on the part of each of the parties to maintain a solid working relationship, claims may be settled more easily between the Department of Welfare and the provider than between the Department and the ineligible individual.
Medicaid claims are initially paid by the State Department of Welfare, and subsequently the county and federal divisions reimburse the state. The amount of money paid by the state on behalf of the individual will be the sole claim at issue, and it is, therefore, not necessary for the county attorney to obtain permission from federal agencies to represent the percentage of federal funds involved in the matter. As the Medicaid payments were originally made by the State Department of Welfare, the action may be brought without first ascertaining the precise amounts owing to federal and county agencies.
Any recovery obtained in the action would be paid to the state for subsequent disbursement to county and federal agencies. Should the action be decided for the state, the check should be made payable to the Nebraska Department of Public Welfare.
In regard to the matter of venue, there would have to be a determination made based on the factual situation. However, we would note that pursuant to Neb.Rev.Stat. § 25-409
(Reissue 1979) every action other than an action for tort brought against a resident of this state must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Royce N. Harper Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General